## SEARS vs. HATHAWAY.

*Fourth District Court for San Francisco Co., Feb. T.,* 1858.

### NEW TRIAL — EXCESSIVE DAMAGES.

Ordinarily, courts will not interfere with verdicts for damages, unless they are grossly or outrageously excessive.

Where the damages awarded are grossly excessive, the court may either grant a new trial, or order, that unless plaintiff stipulate to enter judgment only for such a sum as would be supported by the evidence, the new trial will be granted.

In determining the latter sum, the court will not substitute its own views entirely for those of the jury, but will be guided, in some degree, by their verdict.

On motion for a new trial. The necessary facts are referred to in the opinion.

*E. Cook* and *E. D. Sawyer*, for plaintiff.

*Pixley & Smith*, for defendant.

HAGER, J.—This action was brought to recover damages alleged to have been sustained by plaintiff for his malicious prosecution and imprisonment by the defendant. It was tried before a jury, when a verdict was rendered in favor of plaintiff for $4,000. 1 *Cal. D. C.,* 305.

The defendant moves for a new trial, principally on the ground that the damages awarded are excessive.

Ordinarily, courts will not interfere with verdicts unless they are grossly or outrageously excessive. It is a delicate matter, at all times, for a court to set aside a verdict of a jury on the ground that their opinion is not in accordance with the views of the court; but sometimes cases occur when it becomes the duty of a court to do so, to prevent injustice being done through mistake, prejudice, or passion, or by an award of grossly excessive damages.

I distinctly remember the facts proven on the trial, and that I was greatly surprised at the amount of the verdict, when it was pronounced. Had it been for $500, instead of $4,000, it would, in my opinion, have been more appropriate, amply sufficient, and as much as the testimony would justify. I do not desire, however, entirely to

substitute my own views for those of the jury, to take the place of their verdict; but I consider it my duty to order, that unless plaintiff stipulates to take judgment for $2,000, instead of the amount of the verdict, that a new trial be granted on the ground of grossly excessive damages.

Plaintiff gave the stipulation as indicated by the court, and the new trial was denied.